JAMES SMITH, plaintiff in error *v.* JOHN SHULTZ, defendant in error.

*Error to Vermilion.*

Since the statute of 1837, an appeal will lie from the decision of a Circuit Court refusing an application for a new trial.

Smith *v.* Shultz.

A court will not grant a new trial, when, in its opinion, substantial justice has been done between the parties, though the law arising on the evidence, would have justified a different result; nor will it upon the application of the defendant, afford him an opportunity of introducing newly discovered testimony, which is not conclusive in its character, or is merely cumulative.

Every taking of the property of another, without his knowledge or consent, does not amount to larceny. To make it such, the taking must be accompanied by circumstances which demonstrate a felonious intention.

THIS cause was tried at the September term, 1837, of the Vermilion Circuit Court. A verdict for $400 was rendered for the defendant in error.

S. McROBERTS and A. C. FRENCH, for the plaintiff in error.

BROWN and I. P. WALKER, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an action on the *case* for slander. The plaintiff in the Court below sued the defendant for charging him with having stolen his corn and oats. The defendant pleaded not guilty, and gave notice under the statute, that on the trial of the cause he would prove that the plaintiff did take his corn and oats without his knowledge or consent; and also that he took it without his knowledge or consent, in the night time, and fed it to his hogs and horses.

Upon this plea and notice, the parties went to trial, and a verdict was found for the plaintiff. The defendant then moved the Court for a new trial, upon the ground of newly discovered evidence. The affidavit, which was made by the defendant, sets out that he believes that since the trial of the cause, he has discovered that he can prove by Joshua Law and one other witness, that the plaintiff told one or both of them, that he did take the corn of the defendant, without his knowledge or consent. The Court overruled the motion for a new trial, from which decision the defendant has taken this appeal. At common law, the decision of a court upon an application addressed to its discretion, cannot be assigned for error, and such has been the uniform decision of this Court. But by an act of the legislature, this principle of law has been changed, and an appeal will now lie from the decision of a Court refusing an application for a new trial. The question then is, has the Court erred in the exercise of its legal discretion, in overruling the motion made in this case. This should be clearly made out, to warrant a reversal of its opinion, upon a point, in relation to which, it has the best opportunity of forming a correct opinion. A court will not grant a new trial, when, in its opinion, substantial justice has been done between the parties, though the law arising on the evidence, would have justified a different result; nor will it, upon the application of the defendant, afford him an opportunity of introducing newly

discovered testimony, which is not conclusive in its character, or is merely cumulative. The evidence alleged by the defendant to have been discovered subsequently to the trial, would not, unaided by other circumstances, constitute a defence. The allegation in the declaration is that the defendant charged the plaintiff with larceny in stealing his corn and oats. The admissions of the plaintiff, expected to be proved, are, that he did take the corn of the defendant without his knowledge or consent. This is certainly good evidence as far as it goes ; but it does not go far enough to establish upon the plaintiff the guilt of larceny. Every taking of the property of another, without his knowledge or consent, does not amount to larceny. To make it such, the taking must be accompanied by circumstances which demonstrate a felonious intention. No evidence of such intention is alleged to have been discovered, and the property may have been taken under a claim of title, or under other circumstances which would rebut all presumption of felonious intention. The bill of exceptions does not contain the testimony given on the trial ; we cannot therefore know what evidence, or whether any, was given by the defendant under his notice of justification. If none was given tending to justify, the Court very properly overruled the motion for a new trial, because the newly discovered evidence, does not, of itself, amount to a justification ; and if on the other hand, any testimony tending to make out this defence, was given on the trial which was had, then that subsequently discovered is merely cumulative, and would not have justified the Court in awarding a new trial, in order to re-adjudicate upon a cause, with the result of which it is satisfied.

The decision of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

*Note.* See Harmison *v.* Clarke, *Ante* 131 ; Garner *et al. v.* Crenshaw, *Ante* 143 ; Wickersham *v.* The People, *Ante* 128, and note.